UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JAMES AARON PAGE          CIVIL ACTION NO. 3:12-cv-2511
     LA. DOC #460849
VS.                         SECTION P

                             JUDGE ROBERT G. JAMES

LARRY COX, ET AL.         MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff James Aaron Page, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on September 18, 2012. Plaintiff is an inmate in

the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the Madison

Corrections Center (MCC), Tallulah, Louisiana and complains that the facility was without

running water from April 19 until April 22 and that thereafter, for a period of two weeks, there

was no hot water.  Plaintiff sued Madison Parish Sheriff Larry Cox, Major Johnson, and Lt.

Brooks seeking compensatory damages of $75,000/day for the time between April 19 (when the

water service was interrupted) and May 2, 2012 (when hot water was restored),  and a transfer to

another facility. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court. For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous.

*Background*

Plaintiff is an LDOC inmate who is incarcerated at MCC. On April 19, 2012, the facility

lost water service for some unspecified reason. Service to the facility was restored on April 22,

2012; however, hot water was unavailable until May 2, 2012. During the interim, prison authorities provided large trash bins filled with hot water to the inmates for their daily hygiene needs. Plaintiff complained to Lt. Brooks and claims that Brooks was "rude" when he responded that there was nothing he could do to remedy the situation.

### Law and Analysis

#### 1. Screening

When a prisoner or detainee is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).   A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* 596 U.S. 662,  129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff filed an original complaint outlining the broad contours of his claim. Further amendment is unnecessary.

### 2. Conditions of Confinement

Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment.  While the Eighth Amendment does not prohibit punishment it does prohibit cruel and unusual punishment including the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Additionally, while  the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999).

Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement that the plaintiff demonstrate conditions "so serious as to deprive prisoners of the minimal

measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods*, 51 F.3d at 581. "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks and citations omitted) (emphasis added).

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be "cruel and unusual" under contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Id.* However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment. *Id.*" *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Plaintiff's complaint simply does not rise to the level of Eighth Amendment violations.

Plaintiff and his fellow inmates were clearly inconvenienced during the 2-day period that the prison was without water service and the 2-week period that the prison was without hot water.   However, this inconvenience did not amount to cruel and unusual punishment. No specific harm resulted from plaintiff's exposure to the temporary water outage.  To rise to the level of a constitutional violation, the conditions must be " 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities... '"*Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)).  Thus,  in order to

prevail on such a claim, the plaintiff must demonstrate not only that he was exposed to a substantial risk of serious harm, but that he actually suffered some harm that was more than *de minimis*. *See Siglar v. Hightower*, 112 F.3 191, 193-94 (5th Cir.1997); *Alexander  v. Tippah County, Miss*, 351 F.3d at 630-31; *Luong v. Halt*, 979 F.Supp. 481, 486 (N .D.Tex.1997). Plaintiff has alleged no more than discomfort and inconvenience and with respect to his conditions of confinement claim, that alone is insufficient to state a claim for which relief may be granted.

Further, even if plaintiff were able to demonstrate some physical harm beyond *de minimis* inconvenience, his claim would still be subject to dismissal because he has not shown that any of the named defendants were deliberately indifferent to his plight. He has not alleged that the defendants purposefully deprived him and his fellow inmates of running water or hot water during the time complained of, and, even if the loss of water was due to the defendants' negligence, such a claim would not be compensable under Section 1983.

Finally, the defendant's "rude" words to plaintiff are not actionable under Section 1983. The Fifth Circuit has held that even verbal threats, harassment and name-calling does not constitute a Constitutional violation.  *Robertson v. Plano City of Texas*, 70 F.3d 21 (5th Cir.1995) at 24 citing *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) ("It is clear that verbal abuse ... does not give rise to a cause of action under § 1983); *Bender v. Brumley*, 1 F.3d 271, 274 fn. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

### 3. Transfer

In addition to money damages, plaintiff asks the court for an order transferring him to another facility.  Plaintiff is an LDOC inmate.  Under Louisiana law, "any individual subject to

confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

  Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

  Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

rt to order his transfer to another facility.

### *Recommendation and Order*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 17, 2013.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE